IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT RADFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. REGIS HOTEL,<br><br>    Defendant.<br>_____ / | No. C-10-02338 EDL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

    In this employment discrimination case, Plaintiff Wilbert Radford, who is proceeding pro se, alleges that he was wrongfully terminated by his employer at the St. Regis Hotel. This case is related to Radford v. Union Local #2, C-10-745 EDL, in which Plaintiff is suing his union due to an alleged failure of adequate representation in connection with Plaintiff's termination. On July 6, 2010, Defendant Starwood Hotels & Resorts Worldwide (erroneously sued as St. Regis Hotel) moved to dismiss Plaintiff's complaint on the ground that the Court lacks subject matter jurisdiction because the complaint was filed more than ninety days from the date of the right-to-sue letter from the Equal Employment Opportunity Commission. Plaintiff did not file an opposition to the motion, but previously attached a statement to his complaint explaining the delay in filing. Because this matter is appropriate for decision without oral argument, the Court vacated the September 21, 2010 hearing. For the following reasons, Defendant's Motion to Dismiss is denied.

**Facts**

    Plaintiff, a former station cook at a restaurant at the St. Regis Hotel, was subject to discipline on several occasions in 2007 and was terminated from his position in December 2007. Compl. ¶ 6. He alleges that his termination was discriminatory based on his race, and was retaliatory. Compl. ¶ 5. His complaint alleges that he filed charges with the EEOC and the DFEH. Compl. ¶ 8. The

complaint also states that Plaintiff received his right to sue letter from the EEOC on January 29, 2010.  Compl. ¶ 9; Ex. A.

In an unsworn statement attached to his complaint, Plaintiff states that on February 19, 2010, he filed two complaints in district court, one against his employer alleging discrimination against his employer, the St. Regis Hotel, and another against Unite Here Local 2, alleging that the union did not properly represent him in connection with his termination.  He states that both cases were examined by a clerk's office employee at the intake desk.  The case against the Union was given the number 10-745 EDL and assigned to this Court.  The St. Regis case was apparently never filed.  Plaintiff did not receive any papers after he filed the complaints and was not advised to make copies.

Plaintiff also states that when he met with the Legal Help Center on May 24, 2010 regarding the Union case, he discovered that the St. Regis case was not on file.  Plaintiff argues that he would not have filed one case without the other since the cases had been proceeding together through the EEOC process for two years.  He also states that during the period after February 19, 2010 and May 24, 2010, he was under the impression that his cases were proceeding and that he did not think not to trust the court process.  Plaintiff believes that the St. Regis complaint was lost in the shuffle or was believed to have been a duplicate and never processed.

Plaintiff filed this case against St. Regis Hotel on May 27, 2010, only three days after finding out that the earlier case against this Defendant had not been filed.

**Legal Standard**

Plaintiff bears the burden of establishing subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)  may either attack the allegations of the complaint (a "facial attack"), or it may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact (a "factual attack").  See Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  In a facial attack, the court must consider the allegations of the complaint as true.  In a factual attack, if the defendant challenges the plaintiff's allegations of jurisdiction using extrinsic evidence, the burden is then on the plaintiff to

prove as a matter of fact that the bases for jurisdiction exist. Id. (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

**Discussion**

Title VII requires a plaintiff to file his lawsuit in state or federal court within ninety days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1). Procedural requirements such as the ninety-day filing deadline are to be strictly enforced. Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (holding that a Title VII claim was foreclosed because it was filed two days after expiration of the statute of limitations). Accordingly, when a Title VII claimant fails to file a complaint in federal court within the ninety-day period, the action is barred. Id. at 267. Here, because Plaintiff did not file his complaint until May 27, 2010, he did not meet the statutory deadline because the complaint was filed more than ninety days following receipt of the right to sue letter.

The ninety-day filing requirement, however, is subject to equitable tolling. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Valenzuela v. Kraft, 801 F.2d 1170, 1173 (9th Cir 1986). Equitable tolling has been granted in cases where the court has led plaintiff to believe that she had done everything required of her, where the plaintiff misunderstood various aspects of the complex legal scheme applicable to discrimination cases, or where complainant was misled by a court order. Baldwin at 151; see also Carlile v. South Routt School District, 652 F.2d 981, 986 (10th Cir. 1981) (granting equitable tolling for a plaintiff who had relied on a District Court order declaring that her case be considered commenced as of a certain date); Peterson v. California Dept. Of Corrections, 2006 WL 3349519, at *8 (E.D. Cal. Nov. 16, 2006) (tolling the ninety-day requirement where the plaintiff was led to believe through written instructions that he had to file a case before the State Personnel Board as a prerequisite to suit even though he failed to reconcile his misunderstanding with explicit instruction in the EEOC letter). Generally, equitable tolling is reserved for situations in which a claimant has made a good faith error, and is not applied where a claimant is aware of the filing requirements yet fails to file a timely complaint due entirely to a lack of diligence. Ann K. Wooster, Tolling of Time Period for Bringing Title VII Action Under §706 of Civil Rights Act of 1964, 21

1  A.L.R. Fed. 2d 65 (2007).

2  As described above, Plaintiff filed a letter with the complaint in this case describing that he
3  brought two cases to the clerk's office in February 2010, but only one of them was filed. There was
4  no record of this action against St. Regis Hotel when Plaintiff met with an attorney at the Legal Help
5  Center in May 2010, and therefore, Plaintiff filed the St. Regis Hotel complaint again on May 27,
6  2010. In addition to explaining the circumstances surrounding the filing of the complaint in a letter
7  attached to the complaint, Plaintiff also explained the circumstances surrounding the St. Regis Hotel
8  complaint when he appeared for the case management conference in this Court in the Union case.
9  These allegations support application of equitable tolling in this case. This is not a case in which
10 Plaintiff lacks diligence. Plaintiff has been present at every court appearance, and he has met with
11 the Legal Help Center, which, according to Plaintiff, is the reason he found out that the St. Regis
12 Hotel case was not on file. Plaintiff alleged in the statement attached to the complaint and in open
13 court that he presented two complaints to the court and only one was filed. Further, although
14 Plaintiff's pro se status is not a reason by itself to toll the statute of limitations (see Baldwin, 466
15 U.S. 147), the St. Regis Hotel complaint was filed only twenty-five days after the statutory deadline,
16 and Defendant cites no prejudice to the late filing. Plaintiff could have been more diligent in
17 examining the papers he received from the clerk's office in February and in following up with his
18 lawsuit, but the failure to timely file the St. Regis Hotel complaint does not appear to have been
19 based on an error on his part. In fact, the lawsuit against the union was filed within thirty days of
20 receiving the right to sue letter. Cf. Beutler v. Potter, 2007 WL 2990360, at *4 (N.D. Cal. Oct. 11,
21 2007) (denying equitable tolling where plaintiff waited six months before inquiring about his claim
22 for which he had received no response because "a reasonably diligent pro se litigant unfamiliar with
23 the court's filing procedures would have followed up by attempting to contact the Court").

24 Accordingly, Defendant's motion to dismiss is denied. The Court sets a case management
25 conference on October 12, 2010 at 10:00 a.m. A joint case management conference statement shall
26 //
27 //
28 //

4

1  //

2  be filed no later than October 5, 2010.

3  **IT IS SO ORDERED.**

4  Dated: September 22, 2010

5  _____
   ELIZABETH D. LAPORTE
   United States Magistrate Judge